PROB 12B
(4/07)

# UNITED STATES DISTRICT COURT

for

District of Guam

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Samuel David Thier**  Case Number: **CR 97-00119-001**

Name of Sentencing Judicial Officer: Honorable John S. Unpingco

Date of Original Sentence: January 6, 1998

Original Offense: <u>Count I</u>: Conspiracy to Distribute Crystal Methamphetamine, 21 U.S.C. §841(a)(1) and 846.

Original Sentence: 121 months imprisonment, followed by a 5 year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm; comply with the standard conditions of supervision; participate in a mental health treatment program approved by the U.S. Probation Office; perform 400 hours of community service; obtain and maintain gainful employment; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release  Date Supervision Commenced: August 3, 2007

### PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender                                                                                        page 2

CAUSE

On February 25, 2008, Mr. Thier reported to the U.S. Probation Office in Galveston, Texas and openly admitted to his probation officer that he used cocaine. He stated that he used the drug because of a desire to be more social. On the same date, Mr. Thier was subjected to a drug test, which tested presumptive positive for cocaine. The test results were received on March 6, 2008, and indicated a positive result for cocaine. It is therefore recommended that the following special condition be added as follows:

> "The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office."

In addition, on September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Thier's history of drug use, and the drug detection period of his drug of choice. As methamphetamine, marijuana, and cocaine are Mr. Thier's past and current drugs of choice and have normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Thier. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Thier must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

On March 29, 2008, Mr. Thier transferred from the Southern District of Texas to the District of Guam, his original jurisdiction. Mr. Thier paid his $100 special assessment fee on March 2, 1999 and submitted to a DNA sample of his blood on April 18, 2006. In addition, Mr. Thier participated in mental health counseling while in the Southern District of Texas and is pending a new referral for services on Guam. Mr. Thier performed 43 of 400 hours of community service as verified by the Southern District of Texas. He is pending a new referral for the balance of his community service requirement. Furthermore, he has been placed on a job search requirement.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Thier's consent to the modification.

Reviewed by:                                                         Respectfully submitted,

/s/ CARMEN D. O'MALLAN                              by:    /s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer Specialist                                 U.S. Probation Officer
Supervision Unit Leader

Date:   April 17, 2008                                          Date:   April 17, 2008

THE COURT ORDERS

[ ] No Action

[ ] The Extension of Supervision as Noted Above.

[ ] The Modification of Conditions as Noted Above.

[ ] Other    Issuance of a:    [ ] Summons    [ ] Warrant

PROB 49
(5/00)
RE: Samuel David Thier
Case No: 1:97CR00119-001
Pg. 3

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT COURT OF GUAM
### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness: _____  Signed: _____
U.S. Probation Officer                Probationer or Supervised Releasee

Date: 3-21-08                         Date: 3/21/08